# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **PARVIN L. HOSSEINI** | : | **CIVIL ACTION NO. 05-1485** |
| **v.** | : | **JUDGE JAMES** |
| **ALVIN R. SHARP** | : | **MAGISTRATE JUDGE HAYES** |

**************************************************************************

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss filed by defendant Alvin R. Sharp. (Document No.4). For reasons stated below, it is recommended that the Motion be GRANTED.

The defendant seeks dismissal of the claims against him on the bases of Absolute Judicial Immunity, failure to state a claim for which relief may be granted pursuant to F.R.C.P 12(b)(6); lack of subject matter jurisdiction under the *Rooker-Feldman* Doctrine pursuant to F.R.C.P 12(b)(1); and lack of subject matter jurisdiction over claims of judicial misconduct of a state court judge. Finding that this matter can be easily disposed of on the first of these grounds, the undersigned declines to address the others.

Parvin L. Hosseini, the *pro se* plaintiff, is a resident of Lincoln Parish, Louisiana. The Defendant, Alvin R. Sharp, is a District Judge of the Fourth Judicial District Court for the Parishes of Ouachita and Morehouse.

Plaintiff claims that the defendant violated her rights under 42 U.S.C. §1983, and caused damage to her and her family under various Louisiana tort laws.

1

Hosseini's petition states that her damages arise from advice given and judgments rendered by Judge Sharp in connection with an interdiction and a Motion for Visitation and Replacement of a Curator in the interdiction over which Judge Sharp presided.

## **Absolute Judicial Immunity**

**1.      Federal Law Claims**

A judge enjoys absolute immunity when acting in his judicial capacity unless the judge acts in the complete absence of all subject matter jurisdiction over the matter forming the basis for such liability. A judge is not liable in damages for judicial acts, **even those done maliciously or corruptly**, unless the judge acts in the clear absence of all jurisdiction. *Mireless, V. Waco,* 112 S.Ct. 286, 287 (1991), Eitel v. Holland, 787 F.2d 995, 998 (5th Cir. 1989)(emphasis added). In determining whether a judge's actions were "judicial in nature," the Court considers four factors:

> 1. whether the precise act complained of is a normal judicial function;
>
> 2. whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers;
>
> 3. whether the controversy centered around a case pending before the court; and
>
> 4. whether the acts arose directly out of a visit to the judge in the judge's official capacity.

*Malina v. Gonzales,* 994 F.2d 1121, 1124 (5th Cir. 1993, *rehearing denied,* 1 F.3d 304, citing *McAlester v. Brown,* 469 F.2d 1280, 1282 (5th Cir. 1972).

The four factors are to be broadly construed in favor of immunity, and immunity should not be denied where the denial carries the potential of raising more than a frivolous concern in a judge's mind that to take proper action might expose the judge to personal liability. In some situations, immunity is to be afforded even though one or more of the *McAlester* factors is not met. Where a court has some subject matter jurisdiction, there is sufficient jurisdiction for judicial immunity purposes.

In this case, reading the complaint in the light most favorable to the plaintiff, it is clear that the defendant was acting in his judicial capacity. Plaintiff and her husband met with Judge Sharp in his office in reference to the interdiction and appointment of a curator for Hosseini's brother that Judge Sharp had presided over; a visit to Judge Sharp in his official capacity. At all times during this visit Judge Sharp was acting in his judicial capacity and after listening to Hosseini's allegations and complaint, Judge Sharp indicated to Hosseini and her husband they should seek counsel and the Court could not act until the proper pleadings were before the Court, such as a Motion for Visitation and for Removal of Curator.

All of the defendant's actions in this case were taken in connection with a case over which he clearly had jurisdiction. All four factors are met, and the defendant is entitled to absolute judicial immunity for his actions, and it is recommended that his motion to dismiss on that basis be GRANTED.

2. **Louisiana Law Claims**

The Louisiana jurisprudence on judicial immunity mirrors the federal doctrine.

The Louisiana Supreme Court has long held on grounds of necessity and public policy that judges acting within the scope of their subject matter jurisdictions cannot be held liable for acts done in their judicial capacities. *Knapper v. Connick,* 96-0434, *2-3 (La. 10/15/96), 681 So.2d 944, 946 (citations omitted).

This absolute immunity attaches "to all acts within a judge's jurisdiction, even if those acts can be shown to have been performed with malice, in order to insure that all judges will be free to fulfill their responsibilities without the threat of civil prosecution by disgruntled litigants." *Id* at 3.

Again, reading the complaint in the light most favorable to the plaintiff, it is clear that the defendant was acting in his judicial capacity. While the plaintiff attempts to characterize the relationship between herself and the defendant as an attorney-client relationship, arguing that he gave her advice upon which she relied, it is clear that no such relationship ever existed and that the defendant was acting in connection with a case over which he had jurisdiction and in a manner consistent with that jurisdiction.

Plaintiff acknowledges that she retained an attorney and filed motions with the Court in order to obtain the remedy that she sought, and that Judge Sharp heard the motions and issued judgments. All of the defendant's actions fall squarely within the duties and judicial functions of a judge. Both the meeting with Judge Sharp and the Court proceedings that followed are normal judicial functions. A judge's explaining to a pro se litigant that the judge can not take action in a case unless there is some sort

4

of motion before him, and advising the pro se litigant that he or she should consult an attorney, are the sorts of actions taken by judges on a daily basis and clearly fall under the factors listed in the Fifth Circuit's opinion in *Malina*. Accordingly, Judge Sharp is entitled to judicial immunity from Hosseini's claims against him for damages.

As is noted by the defendant in his brief, the proper recourse for a litigant upon receipt of an unfavorable ruling is to file a timely appeal of the Court's decision to the appropriate appellate court. The proper recourse should a party believe that a judge's ruling is the result of judicial misconduct is to file a complaint with the Louisiana Judiciary Commission. Again, no civil action for money damages lies against a judge acting within his jurisdiction.

For these reasons, it is recommended that the Motion to Dismiss be **GRANTED** and this matter be Dismissed with Prejudice, at plaintiff's cost.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS**

**CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 12th day of October, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE